UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-22591-CIV-HUCK/SIMONTON

ABILIO ALVAREZ,

    Plaintiff,

v.

KEY TRANSPORTATION SERVICE CORP., et al.,
    Defendants.
_____/

## ORDER ON PLAINTIFF'S MOTION TO COMPEL DISCOVERY

Presently pending before the Court is Plaintiff's Motion To Compel Defendants' Discovery (DE # 14). This motion is referred to the undersigned Magistrate Judge (DE # 8). The motion is fully briefed (DE ## 22, 24). By agreement, the parties have limited the issues to Plaintiff's Requests For Production 14 and 18 (DE # 21). On February 4, 2008, the undersigned held a hearing on the motion.

For the reasons stated on the record at the hearing, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Motion To Compel Defendants' Discovery (DE # 14), is **GRANTED in part**, as follows:

1. Defendants shall determine whether a third party -- i.e. an accountant or an attorney – has documents responsive to Request for Production 14. On or before February 14, 2008, Defendants shall file a supplemental response which either 1) provides additional documents responsive to Request 14 or 2) states, under oath, that Defendants have provided all responsive documents in their possession, custody and control.

2. Based upon the apparent paucity of records in the possession, custody or control of Defendants, the discovery period is extended solely so that Plaintiff may issue

a subpoena duces tecum to the United States Department of Labor for documents concerning the 2004 DOL investigation of Defendants. This subpoena may also encompass a deposition of the records custodian. The undersigned notes that subpoenaing a government agency is frequently cumbersome and time consuming and that any subpoena of the DOL will not be the basis to extend any other deadlines in this case.

3. On or before February 14, 2008, Defendants shall produce to Plaintiff copies of Defendants' bank statements from January 2005 through and including August 2005 which are redacted as to all information except for the dates and amounts of cash withdrawals. If Plaintiff's counsel desires, he may go to the office of Defendants' counsel and may, by himself, examine the unredacted bank statements. Plaintiff and Plaintiff's counsel shall keep confidential all information contained in Defendants' bank statements, and that information may be used only in the litigation of this case.

3. Plaintiff's ore tenus motion to extend the discovery period so that he may request from Defendant time cards for the period from January 2005 through and including August 2005, is **DENIED without prejudice to renew before the District Court**.

4. Plaintiff's request for Rule 37 sanctions (DE # 14), is **DENIED**, as not justified by the facts and circumstances of this case.

**DONE AND ORDERED** in chambers in Miami, Florida, on February 4, 2008.

_____
ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
**The Honorable Paul C. Huck,**
     **United States District Judge**
**All counsel of record**